TRUCKEE–CARSON IRRIGATION DISTRICT, A CORPORATION, APPELLANT, v. RALPH W. BABER, JERRY E. JONES, ELMER J. FLICK, AND SOUTHERN PACIFIC COMPANY, A CORPORATION, RESPONDENTS.

No. 4711

RALPH W. BABER AND JERRY E. JONES, APPELLANTS, v. TRUCKEE–CARSON IRRIGATION DISTRICT, A CORPORATION, RESPONDENT.

No. 4727

May 18, 1964                              392 P.2d 46

264

*Vargas, Dillon, Bartlett and Dixon,* and *Alex. A. Garroway,* of Reno, for Truckee-Carson Irrigation District.

*Leonard T. Howard,* of Reno, for Ralph W. Baber and Jerry E. Jones.

*Guild, Busey & Guild,* of Reno, and *Robert R. Hepperle,* of San Francisco, California, for Elmer J. Flick.

*Woodburn, Forman, Wedge, Blakey, Folsom and Hug,* of Reno, for Southern Pacific Company.

## OPINION

By the Court, McNAMEE, J.:

On August 5, 1960, at 8:30 A.M., a Southern Pacific freight train was derailed near Fallon, Nevada. During the 12-hour period prior thereto a considerable amount of water overflowed the banks of a ditch under the control and management of Truckee-Carson Irrigation District. As a result of the escaping water the railroad tracks were washed out and this caused the derailment. Flick, Baber, and Jones, all railroad employees, suffered personal injuries resulting from the derailment, and Southern Pacific Company suffered property damage.

Flick, Baber, and Jones each filed his own separate suit against Truckee-Carson Irrigation District and Southern Pacific Company. Southern Pacific cross-claimed against Truckee-Carson Irrigation District for the damage to its equipment in each action. The three cases were consolidated for jury trial. The jury in each of its three verdicts found Truckee-Carson Irrigation District guilty of negligence and found no negligence on the part of Southern Pacific Company. Flick's verdict against the District was for $30,000, Jones' for $1,625, Baber's for $1,000, and Southern Pacific's for $10,873.99. A judgment was entered upon these four verdicts. Appeal No. 4711 is by the District from said judgment. Appeal No. 4727 is by Jones and Baber from that part of the judgment entered in their favor.

APPEAL No. 4711

The District asserts that it is a governmental agency and therefore the defense of sovereign immunity is a bar to any claim against it. This contention is without merit.

The case of In re Walker River Irr. Dist., 44 Nev. 321, 195 P. 327, has fixed the law in this state that an irrigation district is not a political subdivision of the state.[1] "That it is a public corporation, the creature of the Legislature, deriving all its powers, rights, and franchises from legislative enactment or statutory implication, is not questioned. * * * It possesses and can exercise such powers only as are expressly conferred by the law of its creation, or such as are necessary to the exercise of its corporate powers, the performance of its corporate duties and the accomplishment of the purposes for which it was created. * * * It has no political function. It does not encroach upon any department of the state, county, or township government. * * * The district is not established for political or governmental purposes * * *."

If a county, which is a political subdivision, cannot assert the doctrine of sovereign immunity as a defense to a tort action, Rice v. Clark County, 79 Nev. 253, 382 P.2d 605, a fortiori an irrigation district, which is not a political subdivision of the state, cannot assert such a defense. Cf. Taylor v. Roosevelt Irr. Dist., 72 Ariz. 160, 232 P.2d 107, wherein the hybrid character of irrigation districts is discussed and tort liability approved.

Appellant contends that the court erred in giving the following instructions:

*Instruction No. 5:*

"The term 'agent' is a broader term than either 'servant' or 'employee.' For the purposes of this trial, a servant or an employee is an agent, but one may be an agent, although he is neither servant nor employee."

*Instruction No. 6:*

"It is established that M. B. Williams, who was operating the system involved in the accident in question,

---

[1]True it is the question of sovereign immunity did not arise in that case. However, the nature of an irrigation district was definitely in issue.

was acting as agent for the defendant, Truckee-Carson Irrigation District, and within the scope of his authority at the time of the events out of which the accident occurred. Therefore, the acts and omissions of that agent were, in contemplation of law, the acts and omissions, respectively, of his principal, the defendant, Truckee-Carson Irrigation District."

It was Williams who, at 8:00 P.M., on August 4, 1960, opened the lateral gate which allowed the water to run through the ditch. He acted with the permission of Greenfield, the ditch tender in the District, who was an acknowledged agent of the District. Williams allowed too much water to escape, considering the condition of the ditch. Greenfield had the duty to supervise the amount of water running into the ditch and to clean the weeds, rubbish, and debris from the ditches and canals before turning or authorizing the turning of water into them. It was the admitted duty of the District to see that the water was safely and properly distributed to the users through the irrigation system. Greenfield testified that it was common practice to allow the users to open and close water gates, but even when such permission was given it was still his responsibility to see that the water was safely and properly distributed to the users through the irrigation system. Under these circumstances whether Williams, in "operating the irrigation system involved in the accident in question," was acting as an agent for the District or not is immaterial. The responsibility rested on the District, and its duties in connection therewith clearly were breached. The giving therefor of Instructions 5 and 6 if error was, under the circumstances, harmless.

The court's refusal to give appellant's requested instruction concerning unavoidable accident is assigned as error.

It is not reversible error to refuse to give an "unavoidable accident" instruction where the substance of it is covered by other instructions. Annot., 65 A.L.R.2d 136 (1959); cf. Duran v. Mueller, 79 Nev. 453, 386 P.2d 733.

The jury was fully instructed as to negligence, proximate cause, and burden of proof. It also was instructed that the "mere fact that an accident happened, considered alone, does not support an inference that some party, or any party, to the accident was negligent." We find no merit in this assignment.[2]

The judgment against the District is affirmed. Respondents herein are awarded costs on this appeal.

### APPEAL No. 4727

Baber and Jones have appealed from that part of the judgment entered in their favor on the ground that the damages awarded to them are inadequate as a matter of law.

Generally, the same tests are applicable in determining whether a verdict is excessive or inadequate. Oleck, Damages to Persons and Property § 153; 15 Am.Jur., Damages § 232 (1938). In determining whether damages are excessive the test in this state is whether the judicial conscience is shocked by the award. Miller v. Schnitzer, 78 Nev. 301, 371 P.2d 824. Jones suffered an injury to his left knee. Although no serious damage resulted, he does experience and may continue to experience occasional aching in the knee. He missed three days of work. Baber suffered two fractured ribs and bruises and was out of work for thirty days. Aside from the pay loss for the workdays missed, neither suffered any special damages. Applying the Miller v. Schnitzer test here, we conclude that the awards do not shock the judicial conscience. We therefore are not called upon to determine what power this court has, if any, to correct an inadequate award.

The judgment in favor of Baber and Jones is affirmed. Respondent herein is awarded costs on this appeal.

BADT, C. J., and THOMPSON, J., concur.

---

[2]For an interesting discussion of the unavoidable accident instruction see 28 Nevada State Bar Journal, No. 1, p. 44.